

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

PAUL CHANCE KINNISON
    PLAINTIFF

VS.

CITY OF SAN ANTONIO,
J. BARRY ARCHER,
MIKE CONSTANTINO, AND
REYES HERNANDEZ

CIVIL ACTION NO.:
SA-08-CA-421-XR

---

### PLAINTIFF'S FIRST AMENDED COMPLAINT

---

NOW COMES PAUL CHANCE KINNISON, Plaintiff herein, and makes and files his Plaintiff's First Amended Complaint still complaining of the City of San Antonio; J. Barry Archer, in His Individual Capacity and in His Official Capacity as Development Services Director for the City of San Antonio; Mike Constantino, Individually and in His Official Capacity as Development Services Manager for the City of San Antonio; and Reyes Hernandez, in His Individual Capacity and In His Official Capacity as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance, and for same would show unto this Honorable Court, the following, to wit:

I.

#### Jurisdiction

1.1     Defendants, in their notice of removal, claim that this "this Court has original jurisdiction under the provisions of 42 U.S.C. §§1983 and 1988, and alleged deprivations of Plaintiff's

constitutional rights pursuant to the Fifth and Fourteenth Amendments of the United States Constitution."   Plaintiff does not necessarily dispute that these claims are properly before this Court, but notes that the state district court, where Plaintiff originally filed his suit, has concurrent jurisdiction over this claim and as such, his claim was properly brought there.  See *Home Builders Ass'n, Miss. V. City, Madison*, 143 F.3d 1006 (5th Cir. 1998).

II.

**Parties and Service of Process**

2.1     Plaintiff Paul Chance Kinnison, hereinafter referred to as "Plaintiff," or "Plaintiff Kinnison," is a natural person residing in the County of Bexar, State of Texas.

2.2     Defendant City of San Antonio hereinafter referred to as "City of San Antonio" is a home-rule incorporated municipality located in the County of Bexar and the State of Texas.   The Defendant City of San Antonio has been served with process, filed an answer and joined issue.

2.3     Defendant J. Barry Archer, in His Individual Capacity and in His Official Capacity as Development Services Director for the City of San Antonio is a natural person and employee of Defendant San Antonio and at all times material herein is the Development Services Director for the City of San Antonio.  Defendant J. Barry Archer, in His Individual Capacity and in His Official Capacity as Development Services Director has been served with process, filed an answer and joined issue herein.  Defendant J. Barry Archer, in His Individual Capacity and in His Official Capacity as Development Services Director for the City of San Antonio will sometimes hereinafter be referred to as "Archer"

2.4     Defendant Mike Constantino, Individually and in His Official Capacity as Development Services Manager for the City of San Antonio is a natural person and employee of Defendant San Antonio and at all times material herein is the Development Services Manager for the City of San Antonio and has been served with process, filed an answer and joined issue herein.  Defendant

2

Mike Constantino, Individually and in His Official Capacity as Development Services Manager for the City of San Antonio will sometimes hereinafter be referred to as "Constantino".

2.5     Defendant Reyes Hernandez, in His Individual Capacity and In His Official Capacity as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance  is a natural person and employee of Defendant San Antonio and at all times material herein is the Dangerous Premises Supervisor of the Department of Code Compliance for the City of San Antonio has been served with process, filed an answer and joined issue herein. Defendant Reyes Hernandez, in His Individual Capacity and In His Official Capacity as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance will sometimes hereinafter be referred to as "Hernandez."

2.6     City of San Antonio, Archer, Constantino, and Hernandez will collectively be referred to as "Defendants."  Whenever it is alleged that any Defendant engaged in any unconstitutional or otherwise tortious conduct, it is alleged that these persons had final policymaking authority over the areas in which the unconstitutional and/or tortious conduct was committed.

## III.

## Jury Demand

3.1     Plaintiff hereby requests a trial by jury.

## IV.

## Internal Incorporation

4.1     Each paragraph in this Petition is incorporated in every count or cause of action as if fully restated therein.  To the extent, if any, that any Count or Cause of Action is inconsistent with any other Count or Cause of Action, they are alleged in the alternative.

## V.

## Theories of Recovery

5.1     This suit is based upon the following theories of recovery and jurisprudential constructions. Plaintiff fully employs all remedies afforded thereby including any common-law interpreted subdivisions of these regulatory, statutory and constitutional provisions.   If any provision cited hereinbelow allows for both "procedural" and "substantive" violations as those terms are defined by law, Plaintiff hereby invokes those provisions and sues under each and all of them.   Plaintiff also alleges that any constitutional challenges, both federal and state, are made "facially" and "as-applied".

a.      violation of Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, Sect. 6-175;

b.      violation of Tex. Local Govt. Code §§ 214.001, 241.011, 241.00111, 214.002;

c.      violation of Art. 1 § 19 of the Constitution of the State of Texas.

d.      violation of Art. 1 § 17 of the Constitution of the State of Texas (pleaded alternatively and subordinate to item "c," *supra*);

e.      42 USC 1983;

f.      violation of the 14th Amendment of the Constitution of the United States;

g.      violation of the 5th Amendment of the Constitution of the United States (pleaded alternatively and subordinate to item "f," *supra*);

h.      violation of the 4th Amendment of the Constitution of the United States;

i.      injury by motor vehicle or equipment;

j.      trespass to land;

k.      intrusion on seclusion;

l.      invocation of the Texas Declaratory Judgments Act to declare Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 unconstitutional and in

4

contravention of the Texas Local Govt. Code §§ 214.001, 241.011, 241.00111, 214.002;

m.      suit for exemplary and/or punitive damages; and

n.      attorney's fees.

## VII.

## Facts

7.1     That heretofore in the County of Bexar and State of Texas the following occurred.  Plaintiff purchased improved real property legally described as follows:

"Being 0.127 of an Acre of land, being the east 50 feet of Lot 1, Block 6, New City Block 1751, out of the Resubdivision of Lots of 5, 6, 7, 8, and 9, Block 6, New City Block 1751, recorded in Volume 105, page 123, Deed and Plat Records of Bexar County, Texas."

And more commonly known as 332 E. Myrtle, San Antonio, Texas (hereinafter referred to as the "subject property").

7.2     Immediately subsequent to the purchase of the subject property, Plaintiff contracted with Cuellar Foundation Incorporated to begin repairing the foundation to the subject property.  Prior to April 17th, 2008 Cuellar Foundation Incorporated had already begun repairs to the foundation and had corrected and secured the foundation against any collapse or failure.

7.3     On April 17th, 2008, Defendants, through their agents, demolished the house and outbuilding on the subject property without any prior notice to Plaintiff or the preceding owner, the Deepak Land Trust.

7.4     Through its officers, agents and employees, the Defendants have publicly stated that they demolished the subject property pursuant to Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, Sect. 6-175.

7.5     Plaintiff fully intended to renovate, live in, and eventually resell the subject property, which is a landmark and is situated in a historic district, at a profit.  However, his efforts at investment have been totally thwarted by the actions of the Defendants.

7.6     Plaintiff avers that he had a "property interest" in the subject property as that term can be most expansively defined by law.

7.7     Plaintiff avers that the Defendant San Antonio is a "governmental unit" as defined by the Texas Tort Claims Act, is a "home-rule municipality" as defined by  Tex. Local Govt. Code § 5.004, and is a "person acting under color of state law" as that term is used under 42 USC 1983 and interpretive case law.

7.8     Whenever it is alleged that Archer, Constantino, and Hernandez engaged in any unconstitutional or otherwise tortious conduct, it is alleged that these persons had final policymaking authority over the areas in which the unconstitutional and/or tortious conduct was committed.

7.9     Whenever in this petition it is alleged that City of San Antonio did any act or thing, it is meant that Defendants' officers, agents, servants, contractors, employees or representatives did such act or thing, and that at the time such act or thing was done, it was done with the full authorization or ratification of or by Defendant San Antonio or was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, contractors, employees or representatives. It is specifically alleged herein that Archer, Constantino and Hernandez were acting as agents of the City of San Antonio.

**VIII.**

**First Cause of Action:**

**Violation of Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175**

8.1      Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 (hereinafter

referred to as "6-175")  is a summary abatement and demolition ordinance purportedly allowing the

City of San Antonio to summarily demolish commercial and residential properties which, it in its

sole discretion, and based upon unconstitutionally vague criteria, considers to be a "clear and

imminent danger to the life, safety or property of any person."  After demolishing a structure, 6-175

provides that the "official taking action shall thereafter immediately provide notice to the DSDB, of

the accomplished abatement; and to the owner and lienholders/mortgagees of said dangerous

building."   Specifically it is alleged that this provision of 6-175 was violated in that Plaintiff, the

owner of the subject property, was not provided notice of the "accomplished abatement" and upon

information and belief, the "DSDB" was not "immediately provide[d] notice" of the "accomplished

abatement".

8.3      Pleading further, and in a factual context, Plaintiff also alleges that the subject property

had, prior to the most recent designation of the subject property as being an "imminent hazard"

under 6-175, it was at least on one other prior occasion, been designated an "imminent danger"

under 6-175 but was then reclassified as <u>not</u> being an imminent danger and was yet <u>reclassified</u> as

an imminent danger under 6-175.  Plaintiff alleges that this constitutes a violation of 6-175 in that,

admittedly Plaintiff did not want his subject property demolished, but that the Defendants did not

follow the provisions of 6-175, or would apply them on an *ad hoc*, capricious basis.

8.4      With regard to the conduct of the individual Defendants, Plaintiff would show that Archer

and Constantino were acting in a supervisory capacity (see organizational chart attachment to

Appendix "1" all of which are incorporated herein by this reference) in implementing the City of San

Antonio's efforts in the violative application of 6-175.  Further, Plaintiff alleges that Archer and

Constantino initiated, orchestrated, or at a minimum, had personal knowledge of the demolition, the

violations of 6-175.    See email attachments to Appendix "1" to this complaint, all of which are

incorporated herein by this reference.  Plaintiff alleges that Herndandez had direct operational control over the demolition of the subject property which was committed wrongfully and tortiously.

8.5     Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra,* he has suffered monetary damages as are more particularly identified in the section of this pleading entitled "Damages."

## IX.

### Second Cause of Action:

### Violation of Tex. Local Govt. Code §§ 214.001, 241.011, 241.00111, 214.002

9.1     Plaintiff avers that Defendants are in violation of Tex. Local Govt. Code Sect. 214.001 in that they have failed to comply with said statute in their administration and employment of 6-175.

9.2     Plaintiff avers that the enactment of 6-175 and its application to the subject property owned by Plaintiff is in direct violation of Tex. Local Govt. Code §§ 214.001, 241.0011, 241.00111, 214.002.

9.3     Pleading further, and in a factual context, Plaintiff alleges that the City, Archer, Constantino and Hernandez are in violation of these sections in that Archer and Constantino, by virtue of oral, written and/or email correspondence initiated, directed and orchestrated the demolition of the subject property.  See *e.g.* email attachments to Appendix "1".  Plaintiff alleges that Defendant Reyes had actual, hands-on, operational control over the demolition of the subject property.  Based upon the communications that Plaintiff is in possession of, as well as the lack of any notice or hearing as required by the Texas Local Government Code, all Defendants are guilty of the following described conduct as alleged, *infra.*

9.4     Plaintiff alleges that the statutory scheme afforded by Chapter 214 of the Texas Local Government Code provides minimum due process standards that a municipality must heed in its destruction of improvements to real property based upon some perceived state interest.  Plaintiff

8

avers that Sect. 214.001 of Chapter 214 sets out these minimum standards; more particularly subparagraph "b" of this statute.   Plaintiff also alleges that the Defendants, and all of them, did not take the statutory prescribed measures to locate and notify Plaintiff, being a deed holder indexed in the records of the Bexar County Clerk, of the intended demolition.  In this regard, Plaintiff directs the Court's attention, without limitation, to subparagraph "q" of Sect. 214.001.  Further, Plaintiff avers that Sect. 214.0011 provides minimum standards of notification to property owners for the "secure[ing] of substandard building[s]" and that these provisions were not complied with by any and all Defendants.  Further, and pleading in a factual context, Plaintiff alleges that the Defendants and all of them, did not notify the City of San Antonio's Historic Review Board of the proposed demolition all in violation of Sect. 2124.00111.  Plaintiff avers that the subject property sits in a historically designated area and has been declared a "landmark" by the City of San Antonio or the State of Texas or both of them.  Because, the Historic Review Board was not notified, Plaintiff was not afforded the benefits and protections of this statute and as such all Defendants' conduct is illegal and violative of Chapter 214 of the Texas Local Government Code.

9.3      Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## X.

### Third Cause of Action:

### Violation of Art. 1 § 19 of the Constitution of the State of Texas

10.1     Plaintiff avers that the facts recited in Section VII of this Petition constitute a violation of Art. 1 § 19 of the Constitution of the State of Texas.

10.2     Art. 1 § 19 of the Constitution of the State of Texas provides:

> No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Plaintiff avers that he holds a property interest in the subject property and that he was deprived of this property interest by all Defendants.  The facts as alleged in Section VII of this pleading constitute a violation of this section because he was completely deprived of his real property without  due course of law, including but not limited to notice and an opportunity to be heard. Plaintiff alleges that the ownership of private property is a fundamental right of the citizenry of the State of Texas and being deprived of this right is antithetical to the Constitution of the State of Texas.  Plaintiff alleges that as state actors, with presumably a basic education in Texas civics, are charged with the knowledge of this well established right but capriciously and arbitrarily violated it anyway both substantively and procedurally.  Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition.  See organizational chart and email attachments to Appendix "1" to this complaint.  Plaintiff alleges that Herndandez had direct operational, hands-on control over the demolition of the subject property as well as individually committing violations of this statute.

10.3    Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XI.

## Fourth Cause of Action:

## Violation of Art. 1 § 17 of the Constitution of the State of Texas

11.1    The claims asserted in this section are pleaded alternatively and subordinate to the claims asserted under Art. 1 § 19 of the Constitution of the State of Texas.

11.2    Plaintiff avers that the facts recited in Section VII of this Petition constitute a violation of

Art. 1 § 17 of the Constitution of the State of Texas which states:

> No person's property shall be taken, damaged or destroyed for or applied to public use
> without adequate compensation being made, unless by the consent of such person; and,
> when taken, except for the use of the State, such compensation shall be first made, or
> secured by a deposit of money; and no irrevocable or uncontrollable grant of special
> privileges or immunities, shall be made; but all privileges and franchises granted by the
> Legislature, or created under its authority shall be subject to the control thereof.

Plaintiff pleads that the subject property constitutes "property" as identified in this section and that it

was destroyed without adequate compensation being made. Plaintiff has found no remuneration

scheme under Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII nor has the City

of San Antonio offered to pay Plaintiff for his damages.  In fact, Plaintiff filed suit in state district

court for remuneration but was removed by Defendants to this Court prior to having been offered

any kind of recompense for the demolition of the subject property.

11.3    Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the

averments in this section, as stated *supra*, he has suffered monetary damages as is more

particularly identified in the section of this pleading entitled "Damages."

**XII.**

**Fourth Cause of Action:**

**Violation of the 14th Amendment of the Constitution of the United States**

12.1    Plaintiff avers that the facts recited in Section VII of this Petition constitute a violation of the

14th Amendment of the Constitution of the United States.

12.2    Plaintiff invokes the provisions of 42 USC 1983 for purposes of the averments found in this

section and any other attendant section legally necessary to provide remedy for violation of the 14th

Amendment of the Constitution of the United States.

12.3    Pleading further, and in a factually and legally, avers that the City and the individual Defendants, violated Plaintiff's well established rights under the 14th Amendment to the United States Constitution in that they deprived him, without due process of law, of his property as well as denied him the equal protection of the law in demolishing his property and not others similarly situated ("equal protection clause").  In support of this averment, Plaintiff further pleads that there were other properties located throughout the City of San Antonio destroyed or abated by using City of San Antonio, Chapter 6, Art. VIII, § 6-157 instead of § 6-157.    Plaintiff pleads that these violations are procedural and substantive.

12.4    Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition.    See organizational chart and email attachments to Appendix "1" to this complaint.    Plaintiff alleges that Reyes Hernandez ("Hernandez") had direct operational, hands-on control over the demolition of the subject property.

12.5    Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XIII.

### Fifth Cause of Action:

### Violation of the 5th Amendment of the Constitution of the United States

13.1    Plaintiff avers that the facts recited in Section VII of this Petition constitute a violation of the 5th Amendment of the Constitution of the United States.

13.2    Plaintiff invokes the provisions of 42 USC 1983 for purposes of the averments found in this section and any other attendant section legally necessary to provide remedy for violation of the 5th Amendment of the Constitution of the United States.

13.3     Pleading factually and legally, Plaintiff alleges that the individual Defendants and the City of San Antonio deprived him of his property without due process of law in that his property was demolished without notice or an opportunity to be heard ("takings clause").   Further, Plaintiff alleges that the actions of the Defendants, within or without the aegis of an apparently duly ratified ordinance 6-175, constitute not only a procedural due process violation of the 5th Amendment, but an arbitrary and capricious violation of Plaintiff's due process rights under the 5th Amendment.

13.4     Pleading factually and legally, Plaintiff alleges that the individual Defendants and the City of San Antonio, deprived him of private property without just compensation. Plaintiff pleads this disjunctively and subordinately to his other constitutional claims because the exercise of authority under 6-175 is obviously an exercise of police power.  (See e.g. *Freeman v. City of Dallas*, 242 F.3d 642 (5th Cir. 2001) (municipality that seized property because of alleged nuisance is exercising its police power).

13.5     Plaintiff alleges that Further, Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition.   See organizational chart and email attachments to Appendix "1" to this complaint.  Plaintiff alleges that Hernandez had direct operational, hands-on control over the demolition of the subject property.

13.6     Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XIV.

### Sixth Cause of Action:

### Violation of the 4th Amendment of the Constitution of the United States

14.1     Plaintiff avers that the facts recited in Section VII of this Petition constitute a violation of the 4th Amendment of the Constitution of the United States.

14.2     Plaintiff invokes the provisions of 42 USC 1983 for purposes of the averments found in this section and any other attendant section legally necessary to provide remedy for violation of the 4th Amendment of the Constitution of the United States.

14.4     Pleading factually and legally, Plaintiff alleges that the individual Defendants and the City of San Antonio subjected him to an unreasonable search and seizure and without warrant, an in the following particulars, to-wit: by demolishing the subject property without warrant.  Further, Plaintiff alleges that the actions of the Defendants, within or without the aegis of an apparently duly ratified ordinance 6-175, constitute not only a procedural due process violation of the 4th Amendment, but an arbitrary and capricious violation of Plaintiff's due process rights under the 4th Amendment.

14.5     Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition.   See organizational chart and email attachments to Appendix "1" to this complaint.   Plaintiff alleges that Hernandez had direct operational, hands-on control over the demolition of the subject property.

14.6     Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XV.

### Seventh Cause of Action:

### Injury by Motor Vehicle or Equipment

15.1     Plaintiff alleges that the Defendants and their agents, while acting in the course and scope of employment by the Defendant San Antonio, caused motor vehicle or motor-driven equipment to be operated or used negligently and such negligence proximately caused Plaintiff damages. Further, the Defendants would have been personally liable to Plaintiff under Texas law.   No

exception applies to this the waiver of immunity as is found in Texas Tort Claims Act § 101.021 or an exception to an exception reinstates the waiver as found in § 101.021.

15.2    Further, Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition. See organizational chart and email attachments to Appendix "1" to this complaint Plaintiff alleges that Hernandez had direct operational, hands-on control over the demolition of the subject property.

15.3    Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XVI.

### Eighth Cause of Action:

### Trespass to Real Property

16.1    Plaintiff alleges that he owned or had lawful right to possess real property and the Defendant San Antonio entered his land and the entry was physical, intentional and voluntary and that this trespass caused injury to Plaintiff's right of possession.

16.2    Further, Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition. See organizational chart and email attachments to Appendix "1" to this complaint. Plaintiff alleges that Hernandez had direct operational, hands-on control over the demolition of the subject property.

16.2    Plaintiff alleges that all Defendants, based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, have caused Plaintiff monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

## XVII.

### Ninth Cause of Action:

**Intrusion on Seclusion**

17.1     Plaintiff alleges that Defendants intentionally intruded on Plaintiff's solitude, seclusion, or private affairs and that this intrusion was highly offensive to a reasonable person and that Plaintiff suffered injury as a result of this intrusion.

17.2     Further, Plaintiff alleges that Archer and Constantino assisted in the initiation, orchestration, or at a minimum, had personal knowledge of the demolition.   See organizational chart and email attachments to Appendix "1" to this complaint.  Plaintiff alleges that Hernandez had direct operational, hands-on control over the demolition of the subject property.

17.3     Plaintiff alleges that based upon the facts as stated in Section VII of this pleading and the averments in this section, as stated *supra*, he has suffered monetary damages as is more particularly identified in the section of this pleading entitled "Damages."

**XVIII.**

**Tenth Cause of Action**

**Invocation of the Texas Declaratory Judgments Act to Declare Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 Unconstitutional and in Contravention of the Texas Local Govt. Code §§ 214.001, 241.011, 241.00111, 214.002**

18.1     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is void and illegal in that it runs afoul of Art. I Sect. 19 of the Texas Constitution in that facially, and in its application, has deprived Plaintiff of his property without due course of the law of the land.

18.2     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is void and illegal in that it runs afoul of Art. I Sect. 17 of

the Texas Constitution in that facially, and in its application, his property has been taken, under its aegis, without adequate compensation.

18.3     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is void and illegal in that it runs afoul of the 5th Amendment of the United States Constitution, in that facially, and in its application, has deprived your Plaintiff of his property without due course of law (takings clause).

18.4     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is void and illegal in that it runs afoul of the 4th Amendment of the United States Constitution, in that facially, and in its application, has subjected Plaintiff to an unreasonable search and seizure without warrant.

18.5     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is void and illegal in that it runs afoul of the 14th Amendment of the United States Constitution, in that facially, and in its application, deprived him, without due process of law, of his property as well as denied him the equal protection of the law in demolishing his property and not others similarly situated ("equal protection clause").

18.6     Plaintiff invokes the Texas Uniform Declaratory Judgments Act. See Tex. Civ. Prac. & Rem. Code Sect. 37.001 et seq. and seeks a declaration that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is drafted and implemented in contravention of Texas Local Govt. Code §§ 214.001, 241.011, 241.00111, 214.002.

18.7     Plaintiff avers that Code of Ordinances of the City of San Antonio, Chapter 6, Art. VIII, § 6-175 is unconstitionally vague in that it fails to set forth with any sufficient particularity what

constitutes "one or more structural conditions threatening the structural integrity of a building or structure".   Further, this ordinance was and is enforced by city code compliance officer who are not licensed structural engineers who could intelligently judge what would threaten the "structural integrity" of a building.   Said "as-applied" enforcement of this ordinance is unconstitutional.

XIV.

Punitive and/or Exemplary Damages

19.1    Plaintiff alleges that all of Defendants' conduct complained of herein constitutes fraud, malice or gross negligence and as such he hereby sues for punitive and/or exemplary damages.

XX.

Attorney's Fees

20.1    Plaintiff has been forced to hire an attorney to prosecute this claim and as such is entitled to a reasonable and necessary attorney's fee pursuant to 42 USC 1983 and Texas statutory and common law.

XXI.

Damages

21.1.    Defendants actions as described *supra,* are the proximate and/or producing cause of Plaintiff's damages, including, but not limited to the following:

        a)      Mental anguish in the past;

        b)      Mental anguish in the future;

        c)      Loss of the market value of the subject property;

        d)      Lost investment value of the subject property;

        e)      Punitive and/or exemplary damages;

        f)      Attorney's fees;

        g)      Costs of court;

h)      Prejudgment and post-judgment interest at the maximum legal rate.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer and that on final trial Plaintiff recovers of and from the Defendants his actual and special damages including, but not limited to, items a through h in the immediately preceding paragraph, pre- and post judgment interest, and costs of suit. Plaintiff prays for such other and further relief, both at law and in equity to which your Plaintiff may show himself to be justly entitled.

Respectfully submitted,

RUTHERFORD RUTHERFORD
& BETTERSWORTH
A Professional Limited Liability Company
923 S. Alamo St., Ste. 2
San Antonio, Texas 78205
(210) 225-4200
(210) 225-4495 (fax)

By:
S. Tyler Rutherford
State Bar No. 00797362
For Daniel R. Rutherford

<u>Certificate of Service</u>

I hereby certify that on October 14, 2008 a true and correct copy of the foregoing pleading was transmitted to the following, by the means indicated:

Mr. Jack Pasqual
Office of the City Attorney
111 Soledad St., 10th Floor
San Antonio, TX 78205

**Via Certified Mail**
**Art. No. 70071490000256080663**


Mr. Mark Ralls
Gonzales Hoblit Ferguson LLP
300 Convent St., Ste. 1450
San Antonio, TX 78205

**Via Certified Mail**
**Art. No. 70071490000256080670**


By:
S. Tyler Rutherford
State Bar No. 00797362
For Daniel R. Rutherford

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CHANCE KINNISON | ][ | |
| PLAINTIFF | ][ | |
| | ][ | |
| | ][ | |
| VS. | ][ | CIVIL ACTION NO.: |
| | ][ | SA-08-CA-421-XR |
| | ][ | |
| CITY OF SAN ANTONIO, | ][ | |
| J. BARRY ARCHER, | ][ | |
| MIKE CONSTANTINO, AND | ][ | |
| REYES HERNANDEZ | ][ | |

## AFFIDAVIT OF TYLER RUTHERFORD

| | |
|---|---|
| STATE OF TEXAS | ][ |
| | ][ |
| COUNTY OF BEXAR | ][ |

BEFORE ME, the undersigned authority, personally appeared S. Tyler Rutherford, who, being by me duly sworn, deposed and said:

My name is S. Tyler Rutherford.  I am over 18 years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts stated in it.

The records attached to this affidavit (see Appendices "1-A" and "1-B") were made and kept by me in the regular course of my business. It was the regular course of business for me, or an employee of mine with knowledge of the act, or event recorded, to make the records, reports, or data compilations or to transmit information thereof to be included in such record, report, or data compilation. These records, reports, or data compilations were made at or near the time of the act, event, condition or diagnosis recorded or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the originals.

With regard to Appendix "1-A", this information was given to Paul Chance Kinnison by the City of San Antonio after an Open Records request and was then subsequently transmitted to me.  These are true and correct copies of these documents.

With regard to Appendix "1-B", this document was procured off of the City of San Antonio's website and is a public document.

See http://www.sanantonio.gov/dsd/pdf/inspections_orgchart.pdf.

AFFIANT FURTHER SAYETH NAUGHT.

S. Tyler Rutherford

SUBSCRIBED AND SWORN TO BEFORE ME on October 14, 2008 to certify which witness my hand and seal hereunder.

Notary Public, State of Texas

Gwendolyn Naomi Lamb
My Commission Expires
10/12/2011

## Ann McGlone

| | |
|---|---|
| **From:** | Emil Moncivais |
| **Sent:** | Thursday, May 18, 2006 3:17 PM |
| **To:** | Ann McGlone |
| **Subject:** | RE: 332 Myrtle E |

You need to give me more than this. Do we have a file on it? Who are the orgs or people that would be on the side of keeping it, what is around it? Is this close to the park street area or there other landmarks around it? What does our survey say for the area around it?

-----Original Message-----
**From:** Ann McGlone
**Sent:** Thursday, May 18, 2006 2:50 PM
**To:** Emil Moncivais
**Subject:** RE: 332 Myrtle E

Emil- This is in the middle of Tobin Hill. It's a good building except for structural problems on the front porch. It is in the process of going for historic designation and is scheduled at Zoning. We would like to use Historic funds to fix porch. I would suggest not letting DSD tear down, as it will cause another candlelight vigil and TV coverage.

-----Original Message-----
**From:** Emil Moncivais
**Sent:** Monday, May 15, 2006 4:25 PM
**To:** Barry Archer
**Cc:** Ann McGlone; Brian Chandler
**Subject:** RE: 332 Myrtle E

Barry, my staff will check this out.

Ann or Brian, review this and get back to me.

-----Original Message-----
**From:** Barry Archer
**Sent:** Monday, May 15, 2006 3:32 PM
**To:** Emil Moncivais
**Cc:** Michael Constantino
**Subject:** FW: 332 Myrtle E
**Importance:** High

Emil,

Forwarding this on to you for your information and review.  We would like to declare this structure "unsafe" and a building emergency per the ordinance.

Please review the report below and the attached pictures.  Do you concur?

J. Barry Archer, C.B.O.
Assistant Director/Building Development
Development Services Department
Voice:  (210) 207-8236
FAX:  (210) 207-3315

## Appendix "1-A"

E-mail: jarcher@sanantonio.gov
Website: http://www.sanantonio.gov/dsd
Please take a moment to tell us how we're doing by taking our survey
http://www.sanantonio.gov/dsd/survey.asp

**From:** Michael Constantino
**Sent:** Monday, May 15, 2006 3:28 PM
**To:** Barry Archer
**Cc:** George E Perez
**Subject:** FW: 332 Myrtle E
**Importance:** High

Barry,

We have completed our inspection. Based on the ordinance of two structural components that have failed, walls and foundation, to deem a building emergency, this fits the procedure to approve an emergency demolition along with Fire and Code Compliance departments. Again, this is in the Tobin Hill area and may need to be discussed with Mr. Emil Moncivais before we alert Code of our position.

Please advise.

Mike C.

-----Original Message-----
**From:** Irma Ybarra
**Sent:** Thursday, May 11, 2006 9:31 AM
**To:** Michael Constantino; Ernest Martinez; Mimi Camargo; Irene Kaulfus; Arthur Villarreal (Fire)
**Cc:** Reyes Hernandez; Ramon Mendez
**Subject:** 332 Myrtle E
**Importance:** High

Mike/Ernest
I inspected 332 E Myrtle and found that the cedar post and concrete piers supports on the foundation of the main house are leaning to the degree that the structure has the potiential of further collaspe onto the neighbors premises on the west side. The exterior wood siding is very deteriorated and there is also fire damage. The metal roof coverng is rusted and detaching from the wood decking. The CMU accessory structure at the rear of the property is cracking and does not have a roofing system.

Will you consider for an emergency demolition affidavit to include both main and accessory? Should this meet the criteria is there a possibility that fire/arson reports could be obtained for the casefile? I do not know when the fire occured. Please advise. Thanks

Irma D. Ybarra #678
Dangerous Premises Investigator
Code Compliance Department
(210) 416-2159

Appendix "1-A"

Appendix "1-A"

**Ann McGlone**

| | |
|---|---|
| From: | Emil Moncivais |
| Sent: | Monday, May 15, 2006 4:25 PM |
| To: | Barry Archer |
| Cc: | Ann McGlone; Brian Chandler |
| Subject: | RE: 332 Myrtle E |

Barry, my staff will check this out.

Ann or Brian, review this and get back to me.

> -----Original Message-----
> **From:** Barry Archer
> **Sent:** Monday, May 15, 2006 3:32 PM
> **To:** Emil Moncivais
> **Cc:** Michael Constantino
> **Subject:** FW: 332 Myrtle E
> **Importance:** High
>
> Emil,
>
> Forwarding this on to you for your information and review.  We would like to declare this structure "unsafe" and a building emergency per the ordinance.
>
> Please review the report below and the attached pictures.  Do you concur?
>
>
> J. Barry Archer, C.B.O.
> Assistant Director/Building Development
> Development Services Department
> Voice:  (210) 207-8236
> FAX:  (210) 207-3315
> E-mail:  jarcher@sanantonio.gov
> Website:  http://www.sanantonio.gov/dsd
> Please take a moment to tell us how we're doing by taking our survey
> http://www.sanantonio.gov/dsd/survey.asp
>
>
> **From:** Michael Constantino
> **Sent:** Monday, May 15, 2006 3:28 PM
> **To:** Barry Archer
> **Cc:** George E Perez
> **Subject:** FW: 332 Myrtle E
> **Importance:** High
>
> Barry,
>
> We have completed our inspection. Based on the ordinance of two structural components that have failed, walls and foundation, to deem a building emergency, this fits the procedure to approve an emergency demolition along with Fire and Code Compliance departments. Again, this is in the Tobin Hill area and may need to be discussed with Mr. Emil Moncivais before we alert Code of our position.

## Appendix "1-A"

Please advise.

Mike C.

-----Original Message-----
**From:** Irma Ybarra
**Sent:** Thursday, May 11, 2006 9:31 AM
**To:** Michael Constantino; Ernest Martinez; Mimi Camargo; Irene Kaulfus; Arthur Villarreal (Fire)
**Cc:** Reyes Hernandez; Ramon Mendez
**Subject:** 332 Myrtle E
**Importance:** High

Mike/Ernest
I inspected 332 E Myrtle and found that the cedar post and concrete piers supports on the foundation of the main house are leaning to the degree that the structure has the potential of further collaspe onto the neighbors premises on the west side. The exterior wood siding is very deteriorated and there is also fire damage. The metal roof coverng is rusted and detaching from the wood decking. The CMU accessory structure at the rear of the property is cracking and does not have a roofing system.

Will you consider for an emergency demolition affidavit to include both main and accessory? Should this meet the criteria is there a possibility that fire/arson reports could be obtained for the casefile? I do not know when the fire occured. Please advise. Thanks

Irma D. Ybarra #678
Dangerous Premises Investigator
Code Compliance Department
(210) 416-2159

Appendix "1-A"

**Ann McGlone**

| | |
|---|---|
| From: | Patrick Howard |
| Sent: | Thursday, April 17, 2008 4:58 PM |
| To: | Ann McGlone; Audrey Zamora-Johnson |
| Cc: | Larry Gutierrez |
| Subject: | RE: 332 E. Myrtle, RIP |

Thanks.

-----Original Message-----
From: Ann McGlone
Sent: Thursday, April 17, 2008 4:57 PM
To: Patrick Howard; Audrey Zamora-Johnson
Cc: Larry Gutierrez
Subject: 332 E. Myrtle, RIP

Patrick and Audrey-
Here are the pictures that we received in our office this afternoon from the foundation
company as they were applying for a foundation repair application, as they were unaware
that the house was being torn down. Please take note of the dated and time stamped last
photo....Interesting.
Ann

-----Original Message-----
From: noreplyopy9@sanantonio.gov [mailto:noreplyopy9@sanantonio.gov]
Sent: Friday, April 18, 2008 6:44 AM
To: Ann McGlone
Subject: Scanned image from im3511


DEVICE NAME: OPY8
DEVICE MODEL: im3511
LOCATION: 1901 ALAMO ST S

FILE FORMAT: PDF MMR(G4)
RESOLUTION: 300dpi x 300dpi

Attached file is scanned image in PDF format.
This file can be read by Adobe Acrobat Reader.
The reader can be downloaded from the following URL:

        http://www.adobe.com/

Appendix "1-A"

**Ann McGlone**

| | |
|---|---|
| From: | Alice A. Guajardo |
| Sent: | Friday, April 11, 2008 9:43 AM |
| To: | Larry Gutierrez; Ann McGlone |
| Cc: | Reyes Hernandez |
| Subject: | 332 e myrtle st |
| Attachments: | 332 e myrtle.ppt; ceo.doc; ceo acc.doc; NOTIFICATION TO HISTORIC PRESERVATION OFFICER2 acc.doc; NOTIFICATION TO HISTORIC PRESERVATION OFFICER2.doc |

Larry,

Attached is the Notification for 332 E. Myrtle St - main and accessory.

*Thank You,*
*Alice A Guajardo #672*
*Dangerous Premises Investigator - District 1*
*Housing and Neighborhood Services Dept.*

Appendix "1-A"

# INSPECTIONS SECTION

**J. Barry Archer, CBO, CPCA**
Asst Development Services Director
Building Development Division
(210) 207-8216

Admin. Assistant II
(210) 207-8237
Yvonne Medrano

Admin. Assistant II
(210) 207-8237
Mimi Camargo

**Patrick Poloskey, CBO**
(210) 207-0148
Development Services Manager
(Residential)

**Mike Constantino**
(210) 207-0159
Development Services Manager
(Commercial)

Customer Service Specialist
(210) 207-0221
**VACANT**

PLANS & PERMITS SECTION

## INVESTIGATIONS
Building Inspections Supervisor (In-lieu)
(210) 216-9756
**Sylvia Cortez**
Sr. Bldg. -- **VF**
Sr. Elec. -- Roger Rodriguez
Sr. Plbg. -- Guy Hart
Sr. HVAC - Andy Benavides

## TELEPHONE #:
INSPECTIONS
(210) 207-1111
Prompt 8

## MULTI-DISCIPLINE
Combination Inspectors
Jesus Castillo
Dennis Attard
Philip Mojica
**VF**

Temporary Assignment
Building Inspectors
Ray Herrera
Danny Liguez

## BUILDING
Building Inspections Supervisor
(210) 207-8314
**Ernest Martinez**

### COMMERCIAL
Sr. Bldg. Inspector
(210) 288-6531
**Jacob Cuellar**
Building Inspectors
John Valadez
Jesse Diaz
Ray Alizzi
Doug Pfeil
**VF**

### RESIDENTIAL
Sr. Bldg. Inspector
(210) 288-3236
**Ramiro Carrillo**
Building Inspectors
Roland Resendez
Xavier Limas
Edward Perez
Harold Farr
**VF**
**VF**
**VF**

## ELECTRICAL
Electrical Inspections Supervisor
(210) 207-8286
**Ray Martinez, CBO**

### COMMERCIAL
Sr. Elec. Inspector
(210) 260-3905
**George Moreno**
Electrical Inspectors
Carlos Oregon
Gary Reichmann
Gus Cannona
Todd Thompson
Gilbert Castillo

### RESIDENTIAL
Sr. Elec. Inspector
(210) 215-7768
**John Raney**
Electrical Inspectors
Ariel Barrera
Jack Gomez
John Simmons
Ronald Pullin
Roy Calderon
Walter Weilbacher
William Richter
Fred Labar
Perry Fulks
**VF**

## PLUMBING
Plumbing Inspections Supervisor
(210) 207-8279
**Robert Stricker**

### COMMERCIAL
Sr. Plbg. Inspector
(210) 415-5815
**David Rohde**
Plumbing Inspectors
Greg Miller
Joe Jones
Miguel Reno
Ernest Garza
Fidel Gonzales

### RESIDENTIAL
Sr. Plbg. Inspector
(210) 260-3684
**John Long**
Plumbing Inspectors
Andrew Espinoza
Bernardo Reyes
Frank Mance
Bruno Frey
John DeLuna
Juan Volion
Mark Ochoa
Mike Morales
Neil Jeffers
Ted Morales
Gregory Lehman
Raymond Rodriguez
**VF**
**VF**

## MECHANICAL
HVAC Inspections Supervisor
(210) 207-8242
**Rolando Maldonado**

### COMMERCIAL
Sr. HVAC Inspector
(210) 415-4189
**William Paige**
HVAC Inspectors
Mario Gonzalez
Robert Chavez
**VF**

### RESIDENTIAL
Sr. HVAC Inspector
(210) 219-8422
**Jesse Vasquez**
HVAC Inspectors
Joe Frias
Leonardro Rodriguez
Albert Montez
Chris Pavaglio
Pat Sims

## SIGN
Sign Inspections Supervisor
(210) 207-8289
**David Simpson**
Sign Inspectors
Andrew Perez
Arlene Rodriguez
Arturo Elizondo
Ismael Hernandez

**VF** = vacant position currently frozen

## STRENGTH:
| | |
|---|---|
| Authorized FTE's | 87 |
| Total FTE's | 75 |
| Actual VF's | 11 |
| Total VACANCIES | 1 |

Revised 4/23/08

Appendix "1-B"