IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL C. KINNISON, <br> *Plaintiff(s)*, | § § § | |
| v. | § § | SA08CA00421XR |
| CITY OF SAN ANTONIO; J. BARRY ARCHER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; MIKE CONSTANTINO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, AND REYES HERNANDEZ, IN HIS INDIVDIUAL AND OFFICIAL CAPACITY, <br> *Defendant(s)* | § § § § § § § § § § § | |

## DEFENDANT CITY OF SAN ANTONIO'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE DISTRICT JUDGE RODRIGUEZ:

NOW COMES the City of San Antonio, Individually, Defendant herein, hereafter "the City," and files this Answer to Plaintiff's First Amended Complaint. Defendant City shows unto the Honorable Court as follows:

1. The City states that Paragraph 1 of Plaintiff's First Amended Complaint is solely an allegation of jurisdiction, and does not require admission or denial.

2. The City admits that Plaintiff is a natural person, and is without knowledge to admit or deny the remaining facts alleged in Paragraph 2.1 of Plaintiff's First Amended Complaint.

3. The City admits the facts alleged in Paragraph 2.2 of Plaintiff's First Amended Complaint.

4. The City denies that J. Barry Archer is the Development Services Director for the City of San Antonio, but admits that is a natural person and an employee of the City of San Antonio, as alleged in Paragraph 2.3 of Plaintiff's First Amended Complaint.

5.  The City admits the allegations in Paragraph 2.4 of Plaintiff's First Amended Complaint.

6.  The City denies the allegations in Paragraph 2.5 of Plaintiff's First Amended Complaint, with the exception that the City admits that Reyes Hernandez is a natural person and an employee of the City of San Antonio, and that he is the Supervisor of the San Antonio Housing and Neighborhood Services Department.

7.  The City denies the allegations in Paragraph 2.6 of Plaintiff's First Amended Complaint Plaintiff's First Amended Complaint, that the named individuals had final policymaking authority over the areas described in Plaintiff's First Amended Complaint.

8.  The City denies that it is liable to Plaintiff for any of the alleged theories of recovery or claimed damages alleged in Paragraph 5.1 of Plaintiff's First Amended Complaint, including all fact allegations made therein.

9.  The City is without knowledge to admit or deny the allegations in Paragraphs 7.1 and 7.2 of Plaintiff's First Amended Complaint.

10. The City admits the allegations in Paragraph 7.3 of Plaintiff's First Amended Complaint.

11. The City denies the allegations in Paragraph 7.4 of Plaintiff's First Amended Complaint, as stated.

12. The City is without knowledge sufficient to admit or deny the allegations in Paragraph 7.5 of Plaintiff's First Amended Complaint.

13. The City is without knowledge sufficient to admit or deny the allegations in Paragraph 7.5 of Plaintiff's First Amended Complaint.

14. The City is without knowledge sufficient to admit or deny the allegations in Paragraph 7.6 of Plaintiff's First Amended Complaint.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 2 of 10*

15. The City admits the allegations in Paragraph 7.7 of Plaintiff's First Amended Complaint.

16. The City denies the allegations in Paragraph 7.8 of Plaintiff's First Amended Complaint.

17. The City denies the allegations in Paragraph 7.9 of Plaintiff's First Amended Complaint.

18. The City admits that it has the authority to summarily abate and demolish properties that present a danger to the life, safety, or property of any person. The City denies the remaining allegations in Paragraph 8.1 of Plaintiff's First Amended Complaint.

19. The City denies the allegations in Paragraph 8.3 of Plaintiff's First Amended Complaint, wherein he claims Defendants failed to follow the provisions of 6-175. The City further denies Plaintiff's property was reclassified on a capricious basis.

20. The City denies the allegations in Paragraph 8.4 of Plaintiff's First Amended Complaint, with the exception that City employees did have knowledge of the demolition.

21. The City denies the allegations in Paragraph 8.5 of Plaintiff's First Amended Complaint.

22. The City denies the allegations in Paragraphs 9.1 and 9.2 of Plaintiff's First Amended Complaint.

23. The City denies the allegations in Paragraph 9.3 of Plaintiff's First Amended Complaint.

24. The City denies the allegations in Paragraph 9.4 of Plaintiff's First Amended Complaint.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 3 of 10*

25. The City denies the allegations in Paragraph 10.1 of Plaintiff's First Amended Complaint.

26. The City denies the allegations in Paragraph 10.2 of Plaintiff's First Amended Complaint, except that Plaintiff has correctly quoted the Texas Constitution Article 1, Section 19.

27. The City denies the allegations in Paragraph 10.3 of Plaintiff's First Amended Complaint.

28. Paragraph 11.1 of Plaintiff's First Amended Complaint is a statement of Plaintiff's alternative pleading and requires no response from the City.

29. The City denies the allegations in Paragraph 11.2 of Plaintiff's First Amended Complaint, except that Plaintiff has correctly quoted the Texas Constitution Article 1, Section 17. The City denies Plaintiff is entitled to compensation for the destruction of his property, but admits he has not been compensated.

30. The City denies the allegations in Paragraph 11.2 of Plaintiff's First Amended Complaint.

31. The City denies the allegations in Paragraph 11.3 of Plaintiff's First Amended Complaint.

32. The City denies the allegations in Paragraph 12.1 of Plaintiff's First Amended Complaint.

33. Paragraph 12.2 of Plaintiff's First Amended Complaint is a statement that Plaintiff pleads alternatively and requires no response from the City.

34. The City denies the allegations in Paragraph 12.3 of Plaintiff's First Amended Complaint.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 4 of 10*

35. The City denies the allegations in Paragraph 12.4 of Plaintiff's First Amended Complaint.

36. The City denies the allegations in Paragraph 12.5 of Plaintiff's First Amended Complaint.

37. The City denies the allegations in Paragraph 13.1 of Plaintiff's First Amended Complaint.

38. Paragraph 13.2 of Plaintiff's First Amended Complaint is a statement that Plaintiff invokes 42 USC 1983 and requires no response from the City.

39. The City denies the allegations in Paragraph 13.3 of Plaintiff's First Amended Complaint.

40. The City denies the allegations in Paragraph 13.4 of Plaintiff's First Amended Complaint, except that the City admits that exercise of authority under 6-175 is an exercise of police power.

41. The City denies the allegations in Paragraph 13.5 of Plaintiff's First Amended Complaint, except it admits that Constantino had knowledge of the demolition.

42. The City denies the allegations in Paragraph 13.6 of Plaintiff's First Amended Complaint.

43. The City denies the allegations in Paragraph 14.1 of Plaintiff's First Amended Complaint.

44. Paragraph 14.2 of Plaintiff's First Amended Complaint is a statement that Plaintiff invokes 42 USC 1983 and requires no response from the City.

45. The City denies the allegations in Paragraph 14.4 of Plaintiff's First Amended Complaint.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 5 of 10*

46. The City denies the allegations in Paragraph 14.5 of Plaintiff's First Amended Complaint, except the City admits that Constantino had knowledge of the demolition.

47. The City denies the allegations in Paragraph 14.6 of Plaintiff's First Amended Complaint.

48. The City denies the allegations in Paragraph 15.1 of Plaintiff's First Amended Complaint.

49. The City denies the allegations in Paragraph 15.2 of Plaintiff's First Amended Complaint, except that Constantino had knowledge of the demolition.

50. The City denies the allegations in Paragraph 15.3 of Plaintiff's First Amended Complaint.

51. The City denies the allegations in Paragraph 16.1 of Plaintiff's First Amended Complaint.

52. The City denies the allegations in the first Paragraph numbered 16.2 of Plaintiff's First Amended Complaint, except that the City admits that Constantino had knowledge of the demolition.

53. The City denies the allegations in the second Paragraph numbered 16.2 of Plaintiff's First Amended Complaint.

54. The City denies the allegations in Paragraph 17.1 of Plaintiff's First Amended Complaint.

55. The City denies the allegations in the first Paragraph numbered 17.2 of Plaintiff's First Amended Complaint, except that the City admits that Constantino had knowledge of the demolition.

56. The City denies the allegations in Paragraph 17.3 of Plaintiff's First Amended Complaint.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 6 of 10*

57. The City denies the allegations in Paragraph 18.1 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

58. The City denies the allegations in Paragraph 18.2 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

59. The City denies the allegations in Paragraph 18.3 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

60. The City denies the allegations in Paragraph 18.4 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

61. The City denies the allegations in Paragraph 18.6 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

62. The City denies the allegations in Paragraph 18.7 of Plaintiff's First Amended Complaint, except to the extent Plaintiff invokes the Texas Uniform Declaratory Judgments Act, to which the City is not required to respond.

63. The City denies the allegations in Paragraph 19.1 of Plaintiff's First Amended Complaint.

64. The City admits the allegation in Paragraph 20.1 of Plaintiff's First Amended Complaint, in that Plaintiff hired an attorney to prosecute his case, however the City denies that Plaintiff is entitled to recovery of attorneys' fees in this case.

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 7 of 10*

65. The City denies the allegations in Paragraph 21.1 of Plaintiff's First Amended Complaint.

66. The City denies that Plaintiff is entitled to the relief requested in the Prayer of Plaintiff's First Amended Complaint.

67. As an affirmative defense, the City of San Antonio, pleads entitlement to all governmental defenses and immunities to which it is entitled pursuant to Chapter 101 et. seq. of the Texas Civil Practices & Remedies Code, also known as the Texas Tort Claims Act., including all exemptions to and limitations upon liability.

68. For further affirmative defense, the City of San Antonio asserts the affirmative defense that the City acted in the exercise of a governmental function imposed upon it by law, namely: acts having for their purpose, the health, safety and welfare, not only for the urban community but also for the public at large, and therefore, Defendant is immune from liability under Chapter 101 of the Tex. Civ. Prac. & Rem. Code, including but not limited to, §§101.021, 101.0215 and 101.025.

69. For further affirmative defense, the City of San Antonio asserts the affirmative defense that the City denies that it violated any of Plaintiff's constitutional rights in this case, and further asserts that any loss of property suffered by Plaintiff was the direct result of Plaintiff's own conduct.

70. For further affirmative defense, the City of San Antonio asserts that it is immune from liability for punitive damages claimed by Plaintiff in this matter.

WHEREFORE, PREMISES CONSIDERED DEFENDANT CITY OF SAN ANTONIO, prays that Plaintiff's suit be dismissed, or in the alternative, that the Plaintiff take nothing by his lawsuit against it, that Defendant City of San Antonio have judgment herein, that it be awarded costs

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 8 of 10*

expended, including reasonable attorney's fees, and for such other and further relief, both general and special, at law and inequity, to which it may show itself justly entitled.

Respectfully Submitted,

CITY OF SAN ANTONIO
Michael D. Bernard, City Attorney
SBN: 02211310
Office of the City Attorney
Litigation Division
111 Soledad St., 10th Floor
San Antonio, TX 78205

*[signature]*

Judith D. Sanchez
Assistant City Attorney
Bar No: 17570780
(210) 207-8789/ (210) 207-4357 Fax
*Attorney for Defendant,*
*City of San Antonio*

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 9 of 10*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mark Ralls
Gonzales, Hoblit, Ferguson, LLP
300 Convent St., Suite 1450
San Antonio, Texas 78205

Daniel R. Rutherford
Rutherford, Rutherford & Bettersworth, P.L.L.C.
923 South Alamo, Suite 2
San Antonio, Texas 78205

_____
JUDITH D. SANCHEZ

*Kinnison v. COSA, et al*
*COSA Ans to Plaintiff's Am Comp*
*Page 10 of 10*