# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CHANCE KINNISON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-421-XR |
| | § | |
| CITY OF SAN ANTONIO, J. BARRY ARCHER, individually and in his official capacity as Development Services Director for the City of San Antonio, MIKE CONSTANTINO, individually and in his official capacity as Development Services Manager for the City of San Antonio, and REYES HERNANDEZ, individually and in his official capacity as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance, | § § § § § § § § § § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT

On this day, the Court considered Plaintiff's Motion for Leave to Amend the Complaint (Docket Entry No. 73). Having reviewed the motion and considered the relevant authority, the Court DENIES Plaintiff's motion for leave.

### Background

Plaintiff, Paul Chance Kinnison, filed suit against the City of San Antonio; J. Barry Archer, individually and in his official capacity as Development Services Director for the City of San Antonio; Mike Constantino, individually and in his official capacity as Development Services Manager for the City of San Antonio; and Reyes Hernandez, individually and in his official capacity

1

as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance. Kinnison alleges that he purchased the property commonly known as 332 East Myrtle, San Antonio, Texas, and that the City of San Antonio, through the Defendants, demolished the house and outbuilding of his property without prior notice to him or the preceding owner. Kinnison claims that Defendants are liable for violations of city ordinances, state statutes, the Texas Constitution, and the U.S. Constitution; negligent operation of a motor vehicle; trespass; and intrusion on seclusion. He seeks a declaratory judgment, punitive and/or exemplary damages, and attorney's fees. Plaintiff moves to amend his complaint to add additional allegations, which he states that he learned via depositions, and to correct misnomers in itemization of his complaint.

**Legal Standard**

Generally, rule 15(a) governs amendment of the pleadings before trial. However, granting a motion for leave to amend that was filed *after* the expiration of the Court-ordered deadline to amend pleadings requires a modification of the Court's scheduling order. *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Consequently, the motion must be made pursuant to rule 16(b). According to the Fifth Circuit Court of Appeals:

> Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." It requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." [*S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)] (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). As to post-deadline amendment, a party "must show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." [*Sw. Bell Tel. Co.*, 346 F.3d at 546] (citing *S&W Enters.*, 315 F.3d at 536). Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (citing *S&W Enters.*, 315 F.3d at 536).

2

*Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

**Analysis**

Kinnison is required to show good cause to amend his complaint against Defendants. Amended pleadings were due May 29, 2009. Plaintiff's filed his motion *after* the expiration of the Court-ordered deadline to amend pleadings, so granting his motion requires a modification of the Court's scheduling order. *See Sw. Bell Tel. Co.*, 346 F.3d at 546.

Plaintiff states that he has learned of additional violations of a city ordinance "upon taking a multitude of depositions in the case." (Mot. at 1.) While the Court assumes that this is the reason that Kinnison did not amend or move for leave to amend his complaint earlier, Plaintiff fails to explain to the Court whether or not he immediately filed this motion upon learning of the new allegations or whether he was unable to obtain this information until the depositions. Consequently, the Court is unable to determine whether this motion for leave is timely.

The Court is likewise unable to ascertain the importance of the amendment. It is likely that any amendment to a pleading is important to the party seeking leave to amend. However, the importance of the amendment to the party seeking leave to amend is a factor to be weighed by the Court and not a presumption. With no argument provided by Plaintiff, the Court is unable to weigh this factor.

Kinnison filed his motion for leave to amend his complaint on November 9, 2009. Although discovery is still occurring, Kinnison has not even argued how Defendants would not be prejudiced by the amended pleading at this stage of the litigation.

**Conclusion**

Kinnison does not explain the timing of this motion, why the amendment is important, and does not state why such an amendment will not prejudice Defendants. Consequently, Plaintiff has not demonstrated good cause to warrant that the Court revise its scheduling order. Plaintiff's motion for leave to amend his complaint is DENIED.

It is so ORDERED.

SIGNED this 23rd day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE