IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CHANCE KINNISON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-421-XR |
| | § | |
| CITY OF SAN ANTONIO, J. BARRY ARCHER, individually and in his official capacity as Development Services Director for the City of San Antonio, MIKE CONSTANTINO, individually and in his official capacity as Development Services Manager for the City of San Antonio, and REYES HERNANDEZ, individually and in his official capacity as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance, | § § § § § § § § § § § § § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO DISQUALIFY PLAINTIFF'S EXPERT**

On this date, the Court considered Defendants' motion to disqualify Plaintiff's expert Richard L. Dugger (Docket Entry No. 82). After reviewing the motion, pleadings, relevant case law, and Plaintiff's supplemental report, Defendants' motion is GRANTED.

**Background**

Plaintiff, Paul Chance Kinnison, filed suit against the City of San Antonio, J. Barry Archer, individually and in his official capacity as Development Services Director for the City of San Antonio, Mike Constantino, individually and in his official capacity as Development Services Manager for the City of San Antonio, and Reyes Hernandez, individually and in his official capacity

1

as Supervisor of the Dangerous Premises Department of the City of San Antonio's Department of Code Compliance. Kinnison alleges that he purchased the property at 332 East Myrtle, San Antonio, and that on April 17, 2008, the Defendant City of San Antonio, through its co-Defendants, demolished the house and outbuilding of his property without prior notice to him or the preceding owner, the Deepak Land Trust. Plaintiff contends the home was situated in a historic district and that he intended to renovate it, live in it, and eventually resell it for a profit. Kinnison claims that Defendants are liable for violations of city ordinances, state statutes, the Texas Constitution, and the U.S. Constitution; negligent operation of a motor vehicle; trespass; and intrusion on seclusion. He seeks a declaratory judgment, punitive and/or exemplary damages, and attorney's fees.

## Parties' Arguments

Defendants moved to disqualify Plaintiff's expert Richard L. Dugger.[1] On November 5, 2009, this Court denied Defendants' motion to disqualify Richard L. Dugger as an expert, providing Plaintiff with the opportunity to supplement Dugger's report. Plaintiff supplemented the report on December 4, 2009. Defendants reurge their argument that Dugger's report is based upon a hypothetical "refurbished condition." They contend that the expert opinion is unreliable and "based upon speculation and unsupported conjecture, which would not assist the trier of fact." Defendants argue that the testimony of Dugger remains unreliable and irrelevant and is inadmissible. Plaintiff has not responded to Defendants' motion.

## Expert Testimony

Kinnison designated Richard L. Dugger as an expert to testify on "the value of the subject

---

[1] Def.s' Joint Supplemental Mot. to Disqualify Pl's Expert Richard L. Dugger, Dec. 10, 2009 (Docket Entry No. 82).

[] based on industry accepted methodologies in the field of valuation."[2] Mr. Dugger states that he will "offer valuation counseling related to the prospective value of the residential property assuming (as a hypothetical condition) that the home is refurbished in conformity with other refurbished homes in the Tobin Hill area of San Antonio."[3] Dugger argues that the refurbished value of the home is estimated to be $165,000, that Kinnison had embarked on a refurbishing program with an anticipated cost of $52,000,[4] and that such a program was economically feasible.[5]

**Legal Standard**

Rule 702 provides for the admissibility of expert testimony if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," and if a qualified witness provides testimony that (1) "is based upon sufficient facts or data," (2) "is the product of reliable principles and methods," and (3) "has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court stated that district courts must act as gatekeepers to ensure that expert testimony meets the standards of Rule 702. 509 U.S. 579, 589 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). In this role as gatekeeper, the district court must determine that "an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597. A trial judge "may consider several more specific factors that *Daubert* said might bear on a judges gate keeping determination." *Kumho Tire Co., Ltd. v.*

---

[2] Pl.'s Expert Designations, Feb. 12, 2009 (Docket Entry No. 50).

[3] Letter from Richard L. Dugger to Tyler Rutherford, counsel for Plaintiff (Dec. 12, 2008).

[4] Plaintiff does not respond to Defendants' motion and provides no evidence, even by way of affidavit, as to the costs of remodeling. Plaintiff's response to Defendants' previous motion to disqualify Richard L. Dugger did not present any evidence regarding the costs of remodeling.

[5] Letter from Richard L. Dugger to Tyler Rutherford, counsel for Plaintiff (Dec. 2, 2009).

3

*Carmichael*, 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The role of this Court is to serve as a "gate-keeper," ensuring that an expert witness "'employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 372 (5th Cir. 2000) (quoting *Kumho Tire Co., Ltd.*, 526 U.S. at 152). The Court will consider the relevant reliability of the testimony of the expert witness using the wording of Rule 702 in light of the fact that the testimony concerns both a non-scientific technique as well as personal knowledge or experience.

**Analysis**

The Court previously assessed Mr. Dugger's qualifications and found that based on Mr. Dugger's professional history, various designations from real estate organizations, and his professional licensing, that he is qualified to assess the market value of residential property. As a result, he is qualified to assess a property's market value.

Rule 702 requires that the evidence or testimony "assist the trier of fact to understand the evidence or determine a fact in issue." FED. R. EVID. 702. This condition goes primarily to relevance. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (citing *Daubert*, 509 U.S. at 591). In assessing damages in this case, the jury is to consider the difference in market value immediately before the alleged taking and the market value of the property immediately after the alleged taking. *See Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 218 (Tex. 2001) (noting jury instruction on damages); *City of Waco v. Roddey*, 613 S.W.2d 360, 366 (Tex. Civ. App.—Waco 1981, writ dism'd) ("[T]he proper measure of recovery by plaintiff for damages to realty is the difference in market value of the reality immediately before the injury and its market value immediately after the injury."). "Market value is defined as 'the price which the property would

bring when it is offered for sale by one who desires, but is not obligated to sell, and is bought by one who is under no necessity of buying it.'" *State v. McCarley*, 247 S.W.3d 323, 338 (Tex. App.—Austin 2007, pet. denied) (quoting *State v. Carpenter*, 89 S.W.2d 194, 197 (Tex. 1936)). Market value is assessed by considering the factors "which would reasonably be given weight in negotiations between a seller and a buyer." *City of Pearland v. Alexander*, 483 S.W.2d 244, 247 (Tex. 1972) (citing *City of Austin v. Cannizzo*, 267 S.W.2d 808 (Tex. 1954)). "[E]vidence should be excluded relating to remote, speculate, and conjectural uses, as well as injuries, which are not reflected in the present market value of the property." *Id.* (quoting *Tex. Elec. Serv. Co. v. Campbell*, 336 S.W.2d 762 (Tex. 1960)). "Evidence of the factors that 'increase or diminish the present market value' is admissible, not as a measure of damages or as a specific item of damage, but to allow the jury to arrive at the correct measure, the 'lessened value of the tract.'" *McCarley*, 247 S.W.3d at 338.

In his report, Dugger states that he is providing testimony on the "prospective value of the residential property assuming (as a hypothetical condition) that the home is refurbished in conformity with other homes in the Tobin Hill area of San Antonio." Dugger states that an economically feasible refurbishing program would result in a property with a refurbished value of $165,000. This value does not declare, and cannot be used to declare, that the home had a pre-demolition market value of $165,000. Dugger's testimony answers the question: "What would this property be worth if it were refurbished?" It also answers the question: "In light of the refurbished value of $165,000, would a refurbishing program that cost $52,000 be economically feasible?" He does not answer the question: "Will it cost $52,000 to refurbish this house?"

Dugger does not assess the cost of restoration nor whether the $52,000 planned restoration costs are sufficient to refurbish the house to a state in which it is worth $165,000. Kinnison provides

5

no basis by which the Court can ascertain whether the refurbished value is remote, speculative, or conjecture. Even if Kinnison were to present Dugger's testimony as a factor that the trier of fact may consider in determining the pre-demolition market value of the home, a sufficient predicate is necessary to determine whether Kinnison could rehabilitate the property to that $165,000 value. No such evidence is provided here. As a result, the testimony will not assist the trier of fact in determining the pre-demolition value of the property.

## Conclusion

Defendant's motion to exclude Plaintiff's expert Richard L. Dugger is GRANTED.

It is so ORDERED.

SIGNED this 2nd day of March, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE