FILED

SEP 14 2010

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CHANCE KINNISON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-08-CV-421-XR |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| | § | |
| *Defendant.* | § | |

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or take these instructions as an indication that I have any opinion about the facts of this case.

### CAUTION – STATEMENTS OF COUNSEL

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

### WITNESS CREDIBILITY

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of witnesses, you should consider their relationship to the plaintiff or to the defendant; their interest, if any, in the outcome of the case; their manner of testifying; their opportunity to observe or acquire knowledge concerning the facts about which they testified; their candor, fairness, and intelligence; and the extent to which they have been supported or contradicted by other credible witnesses in whole or in part.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead

you to make from the testimony and evidence.

## CAUTION - NUMBER OF WITNESSES

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

## CAUTION - AVOID BIAS OR SYMPATHY

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## CAUTION – OBJECTIONS AT TRIAL

At times during trial, I sustained objections to questions asked without permitting the witness to answer. You may not draw any inferences from an unanswered question. Such items as I excluded from your consideration were excluded because they were not legally admissible as evidence. You must decide this case solely upon the admissible evidence before you.

## COMPENSATORY DAMAGES

The Court has already ruled that the City is liable to Mr. Kinnison for two violations of the U.S.Constitution. You must determine an amount that is fair compensation for all of the damages caused by these violations. These damages are called compensatory damages. The purpose of compensatory damages is to make the party whole—that is, to compensate the party for the damage that the party has suffered.

You may award compensatory damages only for injuries that a party proves were proximately caused by the other's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the damages, no more and no less. Compensatory damages are not allowed

as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the party has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a party prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

Damage to the plaintiff's property. The measure of damage is the difference between the fair market value of the property immediately before structures at 332 E Myrtle St. were demolished, and the fair market value immediately after the structures were demolished. Fair market value means the amount a willing buyer would have paid a willing seller in an arms-length transaction, when both parties are fully informed about all of the advantages and disadvantages of the property, and neither is acting under any compulsion to buy or sell.

## USE OF NOTES TAKEN BY JURORS

Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent

recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## UNANIMOUS VERDICT

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you

are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the Courtroom Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.