UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PAUL CHANCE KINNISON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-08-CV-421-XR |
| | § | |
| CITY OF SAN ANTONIO, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

On this date the Court considered Defendant City of San Antonio's Motion to Alter or
Amend the Judgment, Renewed Motion for Judgment as a Matter of Law, and Alternative Motion
for New Trial (Docket Entry No. 143), and Plaintiff Paul Kinnison's Response (Docket Entry No.
146).  For the following reasons, the City's motion (Docket Entry No. 143) is DENIED.

### Background and Procedural History

The case involves the demolition of two structures at 332 E. Myrtle Street, in San Antonio,
Texas.  Plaintiff Paul Chance Kinnison purchased the property from Deepak Land Trust, and
intended to renovate and live in the property.[1]  On or about April 8, 2008, City of San Antonio
inspector Alice Guajardo inspected the house on the property at 332 E. Myrtle Street, found it to

---

[1]Neither party apprised the Court of the specific date when Kinnison purchased the
property from Deepak Land Trust.  In their pleadings, the parties state that the house at 332 E.
Myrtle Street, San Antonio, Texas, was deemed previously an imminent danger but not
demolished.  No summary judgment evidence is available regarding the facts and circumstances
regarding this issue or whether the Deepak Land Trust or another individual was the owner of the
property at that time.

1

be unsecured and vacant, and declared that it posed a danger to the public.  She prepared the

necessary documents to have the property demolished,[2] and contacted Richard Brownlee, trustee

of the Deepak Land Trust, which was listed as the owner of record.  Brownlee told Guajardo that

the property had been sold, but he could not identify the owner.

At Guajardo's request, City Senior Building Inspector Ramiro Carrillo inspected the

property on April 10, 2008.  Carrillo recommended that the house be demolished to Defendant J.

Barry Archer, Acting Director of the Development Services Department.  Archer reviewed the

materials submitted by Carrillo and accepted his recommendation on April 10, 2008.

Carrillo then recommended that both the house and accessory structure be scheduled for

emergency demolition to Roderick J. Sanchez, Director of the City's Development Services

Department.  Sanchez reviewed the materials submitted by Carrillo and accepted his

recommendation.  On April 15, 2008, Sanchez declared:

> Due to the extensive damage and its unsafe structural condition, it
> was my determination that the main and accessory structures located
> at 332 E. Myrtle presented a clear and imminent threat to life,
> safety, and/or property necessitating an immediate demolition.  In
> my judgment, no other abatement procedure was reasonably
> available under these circumstances.

On April 16, 2008, Director of Housing and Neighborhood Services David D. Garza

---

[2]Guajardo obtained ownership records from the Bexar County Appraisal District, records
from the City of San Antonio tax system, prepared photographs, prepared an Investigator Report
Form and Nuisance Definitions Report, prepared a geographic information system mapping
report, procured an environmental survey form, obtained an affidavit from the City's Director of
Development Services, notified the City of San Antonio Historic Preservation Office, notified
City of San Antonio Council Member Mary Alice Cicneros, searched city records to determine if
any work permits had been requested or approved for the property, procured an affidavit from the
City's Director of Housing & Neighborhood Services, prepared forms for the City public service
department to disconnect utility services, and prepared the demolition work order.

concurred in the assessment that the structures at 332 E. Myrtle presented a clear and imminent threat to life, safety, and/or property necessitating an immediate demolition.

On April 17, 2008, the City demolished the house and accessory structure.  Kinnison received a telephone call from Mr. Cuellar of Cuellar Foundation, which had been contracted by Kinnison to repair the foundation of the house and had begun repairing the property on April 16, 2008.  While Mr. Cuellar was present, the City's demolition crew arrived and demolished the house and accessory structure.  On April 28, 2008, the City sent post-demolition written notice to the Deepak Land Trust, which was listed as the owner of record for the property.

Kinnison filed suit against the City of San Antonio; J. Barry Archer, individually and in his official capacity as Acting Director of the Development Services Department; Michael Constantino, individually and in his official capacity as Development Services Manager in the Planning and Development Services Department; and Reyes Hernandez, individually and in his official capacity as Supervisor of the Dangerous Premises Section for the City of San Antonio Housing and Neighborhood Services Department.  Kinnison asserted multiple causes of action, including violation of Section 6-175 of the City's Code of Ordinances; violation of Chapter 214 of the Texas Local Government Code; violations of Article I, Sections 17 and 19 of the Texas Constitution; violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; "injury by motor vehicle of equipment"; trespass to real property; intrusion on seclusion; and a request for declaratory relief.

## Procedural History

Kinnison filed suit against the City, Archer, Constantino, and Hernandez in the 73rd

Judicial District Court of Bexar County, Texas.[3]  Defendants timely removed this case.[4]  The live

pleading is Plaintiff's First Amended Complaint.[5]

     The Court dismissed certain claims against the individual defendants[6] and dismissed

certain claims against the City after considering the Court's jurisdiction in this matter.[7]  The Court

granted the individual Defendants' motion for summary judgment and granted in part and denied

in part the City's motion to dismiss state claims against them.[8]  Defendant City of San Antonio's

motion for summary judgment was granted in part and denied in part.[9]  The parties were ordered

_____

[3]Pl.'s Original Pet., May 16, 2008 (attached as exhibit to Docket No. 1).

[4]Notice of Removal, May 22, 2008 (Docket No. 1).

[5]Pl.'s 1st Am. Compl., Oct. 15, 2008 (Docket No. 28).

[6]The Court dismissed claims against the individual Defendants in their official capacities as redundant to Kinnison's claims against the City, and the Court dismissed Kinnison's Fourth Amendment and substantive due process claims against the individual defendants.  Order on Mot. to Dismiss, Mar. 5, 2009 (Docket No. 53).

[7]The Court found that Kinnison's Fifth Amendment claims were unripe, the as-applied substantive due process challenge as vague was ripe, the as-applied Equal Protection claim under the Fourteenth Amendment was ripe, the as-applied Fourth Amendment claims were ripe, the procedural due process and substantive due process claims were subsumed under the Fifth Amendment and Fourth Amendment claims and/or required further factual development to become ripe, and the facial procedural due process claim was ripe.  Plaintiff's facial Fourth Amendment claim based on the lack of a warrant was foreclosed by the Fifth Circuit's decision in *Freeman v. City of Dallas*, 242 F.3d 642 (5th Cir. 2001) (en banc).  The Court exercised supplemental jurisdiction over Plaintiff's state statutory and state constitutional claims and ruled that Kinnison could pursue his unripe claims in the alternative to and contingent upon resolution of his state inverse condemnation claim.  Order, Mar. 2, 2009 (Docket No. 52).

[8]The Court granted summary judgment in favor of the individual Defendants on Plaintiff's federal constitutional claims, and dismissed Plaintiff's state tort claims pursuant to Section 101.106(e) of the Texas Civil Practice & Remedies Code.  Order on Mot. for Summary J. & Mot. to Dismiss, Mar. 8, 2010 (Docket No. 94).

[9]The Court granted summary judgment in favor of the Defendant City of San Antonio on the following claims: declaratory relief pursuant to the Texas Declaratory Judgment Act;

to provide the Court with cross motions for summary judgment as to the remaining claims.[10]

The individual Defendants, Defendant City of San Antonio, and Plaintiff moved for summary judgment on June 7, 2010, on the remaining claims in this case.[11] The Court granted summary judgment in favor of Kinnison and against the City on his claims that the City violated procedural due process under the Fourteenth Amendment of the Constitution and that the City conducted an unreasonable seizure of property in violation of the Fourth Amendment.[12] A jury trial was held on damages on September 13-14, 2010, and the jury returned a verdict of $52,000 in favor of the Plaintiff.[13]

---

violation of Section 6-175 of the City of San Antonio's Code of Ordinances; violations of Sections 214.0011 and 214.00111 of the Texas Local Government Code; violation of Article I, Section 19 of the Texas Constitution; violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; violation of substantive due process under to the Fourteenth Amendment of the United States Constitution; and state law tort claims (*i.e.*, "injury by motor vehicle," trespass to real property, and intrusion on seclusion). Order on Mot. for Summ. J., Mar. 26, 2010 (Docket No. 96). The Court denied the motion as to the following claims: violation of Section 214.001 of the Texas Local Government Code; violation of Article I, Section 17 of the Texas Constitution; violation of procedural due process pursuant to the Fourteenth Amendment of the United States Constitution; and violations of the Fourth and Fifth Amendments of the United States Constitution. *Id.*

[10]Am. Scheduling Order, Mar. 9, 2010 (Docket No. 95).

[11]Individual Defs.' 2d Mot. for Summ. J., Jun. 7, 2010 (Docket No. 99); Pl.'s Mot. for Summ. J., Jun. 7, 2010 (Docket No. 100); Def. City's 2d Mot. for Summ. J., Jun. 9, 2010 (Docket No. 101).

[12]Order on Mot. for Summ. J., Jul. 21, 2010 (Docket Entry No. 111). The Court also granted summary judgment in favor of the City and against Kinnison on his claims for liability under Chapter 214 of the Texas Local Government Code; violation of Article I, Section 17 of the Texas Constitution; and violation of the Takings Clause of the Fifth Amendment. *Id.*

[13]Jury Verdict, Sep. 14, 2010 (Docket Entry No. 138).

**Legal Standard**

Rule 59(e) governs motions to alter or amend judgments. *Id.* A district court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Id.* at 355. To prevail on a Rule 59(e) motion, the movant must show at least one of the following: (1) an intervening change in controlling law; (2) new evidence not previously available; (3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Judgment as a Matter of Law may only be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party" filing the motion. Fed. R. Civ. P. 50(a). The Fifth Circuit standard is whether "the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Evans v. Ford Motor Co.*, 484 F. 3d 329, 334 (5th Cir. 2007) (quoting *Boeing v. Shipman,* 411 F.2d 365, 374 (5th Cir. 1969)).

The Court may grant a new trial if "the verdict is against the weight of the evidence, the amount awarded was excessive, or the trial was unfair or marred by prejudicial error." *Smith v.*

*Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).  This court "should not grant a new

trial on evidentiary grounds unless the verdict is against the great weight of the evidence."  *Carr v.*

*Wal-Mart Stores, Inc.*, 312 F.3d 667, 670 (5th Cir. 2002) (quoting *Whitehead v. Food Max of*

*Miss., Inc.*, 163 F.3d 265, 269 (5th Cir. 1998))

## Analysis

### 1.  Motion to Alter or Amend

The City moves for the Court to alter or amend its judgment to issue a take-nothing

judgment on Kinnison's Fourth Amendment claim and procedural due process claim.[14]  It argues

that Plaintiff (1) failed to making any showing of a policymaker or official policy as required to

recover for constitutional violations pursuant to 42 U.S.C. § 1983; (2) failed to prove a Fourth

Amendment violation, and the issue of reasonableness and exigent circumstances should have

gone to the jury; and (3) failed to prove a procedural due process violation, because the house was

demolished under exigent circumstances and therefore no pre-deprivation process was warranted,

or alternatively the exigent circumstances issue should have gone to the jury.[15]  The City also

argues that the proper damages for an alleged deprivation of procedural due process is a post-

deprivation hearing rather than monetary damages.[16]

The City has submitted no new evidence to this Court that was not previously available,

and has not established any intervening change in controlling law.  *In re Benjamin Moore & Co.*,

318 F.3d 626, 629 (5th Cir. 2002).  Furthermore, the City fails to establish any need to correct a

---

[14]City's Mot. at 3.

[15]*Id*. at 3-6.

[16]*Id.* at 6.

7

manifest error of law by this Court, but merely recounts its prior arguments from the summary judgment briefings and from trial.  *See id; Rosenzweig*, 332 F.3d at 863–64.  "Reconsideration of a judgment is an extraordinary remedy that should be used sparingly."  *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citing *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)).  A motion to alter or amend is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."  *Id.* (citing *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990)). Accordingly, the City's motion to alter or amend the judgment is DENIED.

**2. Renewed Motion for Judgment as a Matter of Law**

The City argues that the jury's verdict is immaterial, because the Court should have granted summary judgment to the City on the procedural due process and Fourth Amendment claims.[17]  As discussed above, the City has not presented any new facts or intervening legal authority to call the Court's summary judgment decision into question.

The City further argues that, even if the summary judgment ruling was correct, the City is entitled to judgment notwithstanding the jury's verdict on damages.[18]  The City argues that there was insufficient evidence to support any finding of damages in the form of loss of market value, and alternatively that there was insufficient evidence to conclude that $52,000 was the amount of damages based on loss of market value.[19]

Question No. 1 of the Jury Verdict asked: "What sum of money, if any, paid now in cash,

---

[17]City's Mot. at 6.

[18]*Id*.

[19]*Id.*

8

would fairly and reasonably compensate Paul Chance Kinnison for his damages, if any, that resulted from the demolition of the structures on his property by the city of San Antonio?"[20]  The jury returned a verdict of $52,000 based on this question.  The verdict form also instructed the jury to consider only "[t]he difference, if any, between the market value of the property ... immediately before the structures were demolished, and the market value of the property ... immediately after the structures were demolished."[21]

The City admits that Kinnison testified to paying $52,000 for the property when he purchased it.[22]  He also testified that after the demolition, the property was valuated at $26,000 for tax purposes.[23]  Kinnison provided no expert testimony on valuation, nor any evidence of any specific improvements he made to the property.  He did, however, offer evidence regarding the value of the house and its architectural details.  Kinnison himself testified that the house was an "incredible deal,"[24] and that he saw similar houses priced around $130,000 that had the historical elements removed.[25]  He testified that the house was listed at $77,000, and he bargained the price down to $52,000.[26]  He finally testified that, in his lay opinion, the market value of the house

---

[20]Verdict Form, Sep. 14, 2010 (Docket Entry No. 138).

[21]*Id.*

[22]City's Mot. at 7.

[23]*Id.*

[24]Tr. Day 1, 133:23-25.

[25]*Id.* 134:4-12.

[26]*Id.* 134:16-25.

would be conservatively estimated at $100,000.[27]  His opinion regarding the house's value was

also offered as a lay person, based on his search for houses to purchase and renovate.[28]

Kinnison also offered evidence regarding the specific architectural details of the house,

and his lay opinion that they increased its value.  He testified that it was very important to him to

buy an American Craftsman style of house, that he liked the neighborhood in which it was

located, and that it was designated as a "historic neighborhood."[29]  He testified to the fact that the

historic details of the house were "perfectly untouched,"[30] such as the diamond-leaded glass

windows[31] and the use of old-growth timber throughout the house.[32]  He testified that his

"American dream" was to "buy a house ... and fix it up [himself],"[33] and that he looked forward to

the project of a house that needed so much work while others would consider it too much of a

challenge.[34]  He explained that he grew up observing his father's work as an architect,[35] and that

purchasing and renovating the house was going to be the "passing of his [father's] legacy" on to

---

[27]*Id.* 135:7-10.

[28]*Id.* 133:7-19.

[29]*Id.* 105:6-106:3.

[30]*Id.* 109:17-23.

[31]*Id.* 111:4-12.

[32]*Id.* 114:16-23; 115:8-12.

[33]*Id.* 104:10-11.

[34]*Id.* 104:17-23.

[35]*Id.* 101:3-9.

him.[36]  The jury was specifically instructed that Kinnison was not an expert in architecture, but rather was testifying as a lay person who bought a house.[37]

In light of the foregoing, the jury had sufficient evidence to conclude that Kinnison had suffered damages in the form of a loss of market value of the property.  Furthermore, the damages award of $52,000 is not unreasonable in light of the testimony offered about the relative value of the property at the time that Kinnison was searching for houses to purchase, and the testimony regarding the house's historical and architectural details.  Accordingly, the City's renewed motion for judgment as a matter of law is DENIED.

**3.  Motion for New Trial**

The City argues that it is entitled to a new trial if this Court erred in granting summary judgment to the Plaintiff.[38]  As noted above, there are no grounds for overturning the Court's summary judgment ruling.  Alternatively, the City argues that the jury's damages verdict is "against the great weight and preponderance of the evidence."[39]  As discussed, the jury had a reasonable basis for awarding the $52,000 in damages to the Plaintiff.  Accordingly, the City's motion for a new trial is DENIED.

---

[36]*Id.* 106:19-22.

[37]*Id.* 112:11-14.

[38]City's Mot. at 7.

[39]*Id.*

11

**Conclusion**

In accordance with the foregoing, the Court DENIES the City's motion to alter or amend, the City's renewed motion for judgment as a matter of law, and the City's motion for a new trial (Docket Entry No. 143).

It is so ORDERED.

SIGNED this 14th day of March, 2011.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

12